FILED

JAN 30 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　v.<br><br>JOVONNIE ANTONIO TERRELL MOORE,<br><br>　　Defendant. | No. CR 12-00050 PJH (DMR)<br><br>DETENTION ORDER |

## I. DETENTION ORDER

Defendant Jovonnie Moore is charged in a five-count indictment with violations of 18 U.S.C. § 371 (conspiracy to commit bank robbery) and 18 U.S.C. § 2113(a) and 2 (bank robbery and aiding and abetting). On January 30, 2012, the United States moved for Mr. Moore's detention and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f).

Defendant waived the timing of his right to proffer information in support of his pretrial release, *see* 18 U.S.C. § 3142(f) (a defendant has the right at a section 3142(f) hearing, with the assistance of counsel, to testify, to present witnesses, to cross-examine adverse witnesses, and to present information by proffer or otherwise), and retained his right to make a proffer at a later

DETENTION ORDER
CR 12-00050 PJH (DMR)                              1

cc: Copy to parties via ECF, Nichole, 2 Certified copies to U.S. Marshal,
    Pretrial Services

proceeding. The court notes that Defendant currently is in state custody for a parole violation.

Based on the information currently available, the court finds clear and convincing evidence that Mr. Moore presents a danger to the community, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person or the community. 18 U.S.C. § 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

## II. CONCLUSION

The Court detains Mr. Moore at this time. Because Defendant waived the timing of his right to present information under 18 U.S.C. § 3142(f) without prejudice, the Court orders that the hearing may be rescheduled at Defendant's request.

Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: January 30, 2012

DONNA M. RYU
United States Magistrate Judge